United States District Court
Southern District of Texas
**ENTERED**
December 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LUIS GARZA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00414 |
| § | |
| PALOMAR SPECIALTY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Defendant's Motion to Abate Case Pending Outcome of Appraisal."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] However, for the reasons elaborated below, the Court finds that it lacks jurisdiction over this action and **REMANDS** this case.

### I. BACKGROUND

This is an insurance dispute. Plaintiff Luis Garza alleges that, during the term his property was insured by Defendant Palomar Specialty Insurance Company, his property "sustained covered losses when a hurricane/windstorm damaged" it at some unknown time.[3] Plaintiff alleges that Defendant's adjuster under-scoped the damage to Plaintiff's property and Defendant underpaid in violation of the parties' insurance policy and the Texas Insurance Code.[4]

---

[1] Dkt. No. 4.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-3 at 2, § IV.
[4] *Id*. at 2–4, §§ IV–V.

Plaintiff filed his original petition in state court on September 22, 2021.[5] Plaintiff served Defendant on September 27th.[6] Defendant subsequently removed to this Court on October 27th,[7] within the thirty days permitted by 28 U.S.C. § 1446(b)(2)(B). Plaintiff has been mostly silent since removal, has not challenged this Court's jurisdiction, and has not responded to Defendant's motion to abate. Nevertheless, the Court turns to assessing its jurisdiction.

## II. Discussion

Defendant asserts that this Court has federal diversity jurisdiction over this case under 28 U.S.C. § 1332.[8] Defendant Palomar is "domiciled in Oregon and with [sic] its principal place of business in California,"[9] so Defendant is a citizen of Oregon and California.[10] Plaintiff resides in Hidalgo County, Texas,[11] and so is a citizen of Texas.[12] Plaintiff originally sued Bobby Clark, Defendant's adjuster,[13] but Defendant elected to assume Bobby Clark's liability under Texas Insurance Code § 542A.006 in July 2021, before Plaintiff's suit was filed in September 2021,[14] so Bobby Clark's citizenship is not counted.[15]

With respect to the amount in controversy, Defendant argues only that "Plaintiff expressly states that 'damages will be less than $250,000,'" so removal is proper "[b]ecause Plaintiff has

---

[5] Dkt. No. 1-3.
[6] Dkt. No. 1-4 at 4.
[7] Dkt. No. 1.
[8] Dkt. No. 1 at 2, ¶ 2.1.
[9] Dkt. No. 1 at 3, ¶ 2.4.
[10] *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (holding that a corporation is a citizen of the state where it is incorporated and where its headquarters are located).
[11] Dkt. No. 1-3 at 1, § II.
[12] *See MidCap Media Fin. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)) ("For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'").
[13] *See* Dkt. No. 1-3.
[14] Dkt. No. 1 at 3, ¶ 2.4 (citing Dkt. No. 1-5).
[15] *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019) (collecting cases).

prayed for damages in excess of $75,000."[16] Defendant offers no other arguments or evidence of the amount in controversy.

"In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."[17] The removing Defendant can meet its burden if it shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing Defendant] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount"[18] such as "affidavits and deposition testimony."[19] It is a "long-standing canon of statutory interpretation that removal statutes are to be construed strictly against removal and for remand"[20] so "any doubt as to the propriety of removal should be resolved in favor of remand."[21]

Here, the face of Plaintiff's petition only "pleads that the damages will be less than $250,000."[22] This statement is the lowest amount permitted to be pled by Texas Rule of Civil Procedure 47(c). This pleading does not show whether the amount in controversy is more or less than $75,000. Although Plaintiff does "seek treble damages,"[23] the Court is uncertain whether Defendant seeks to treble $1 or $83,333.33 or any amount in between. Furthermore, Defendant

---

[16] Dkt. No. 1 at 4, ¶¶ 2.6–2.7.
[17] *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).
[18] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").
[19] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).
[20] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).
[21] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).
[22] Dkt. No. 1-3 at 12, § XIV.
[23] *Id.* at 9, § VI.

offers no evidence whatsoever to support a finding that the amount in controversy is greater than $75,000.

The Court must police its own subject matter jurisdiction on its own initiative.[24] In light of the lack of a showing that this Court has diversity jurisdiction over this case, the Court finds that remand is proper without deciding Defendant's motion.[25] Accordingly, the Court **REMANDS** this case in its entirety to the 275th District Court of Hidalgo County, Texas.[26]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of December 2021.

                                                                       Micaela Alvarez
                                                            United States District Judge

---

[24] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
[25] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").
[26] *See generally* TEX. GOV'T CODE ANN. § 24.452 (West 2021).